## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD G. ATWOOD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )   **CIVIL NO. 06-568-DRH** |
| **MADISON COUNTY JAIL, MADISON** | ) |
| **COUNTY JAIL MEDICAL STAFF,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL ALLEGATIONS

Plaintiff, who had open heart surgery in 2002, requires constant use of an oxygen tank to breathe. He states that on June 10, 2006, a storm passed through Edwardsville, Illinois, knocking out power to the jail, and therefore to the electric machine that provides him with oxygen. He asked an unspecified jail employee to procure a portable oxygen tank from the infirmary. It is unclear from the complaint and exhibits whether he was provided a portable oxygen tank or whether the power was restored, but Plaintiff states that he went without oxygen for two to three hours, and as a result he experienced lightheadedness and "shakes." In his motion for expedited review, Plaintiff states that on July 19 and 21, 2006, storms again passed through Edwardsville and again knocked out power to the jail. On both of those occasions it took over three hours for Plaintiff to receive a portable oxygen tank from the infirmary. Plaintiff, a diabetic, also claims that his blood sugar is checked only once each week, and that he has bowel problems, and groin pain he believes to be cancer. He states that he has asked to go to the hospital, but unspecified jail officials have denied those requests.

## LEGAL STANDARDS

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834,

> 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

Based on these legal standards, Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs. While his need for oxygen may be serious, Plaintiff has not shown that any defendant acted with the culpable state of mind required to state a claim of deliberate indifference. Although there was a delay in receiving oxygen on the three dates, he did receive it within a few hours. Furthermore, Plaintiff has not demonstrated that the delays were intentional or that the jail officials did not respond reasonably. Accordingly, Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count

as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

    **IT IS SO ORDERED.**

    **DATED:  January 10, 2007**


                                                     /s/   David   RHerndon
                                                     **DISTRICT JUDGE**